# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | ED CV 18-515 PA (SHKx) | Date | March 15, 2018 |
|---|---|---|---|
| Title | Juan Estrada v. Target Corp. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Target Corporation ("Target"). According to the Notice of Removal, defendants Laura Kaver-Gomes and Cristina Acosta have not joined in the Notice of Removal. In the Notice of Removal, Target asserts that this Court has jurisdiction over the action brought against them by plaintiff Juan Estrada ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

According to the Notice of Removal, Target contends that the Court should disregard the non-diverse citizenship of defendants Kaver-Gomes and Acosta because they are fraudulently joined. The

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-515 PA (SHKx) | Date | March 15, 2018 |
|---|---|---|---|

| Title | Juan Estrada v. Target Corp. |
|---|---|

Ninth Circuit has recognized an exception to the complete diversity requirement where a non-diverse defendant has been "fraudulently joined." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris, 236 F.3d at 1067.

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996); see also Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42-43 (5th Cir. 1992)). A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT&T Wireless, Inc., No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

At least on this record, this Court cannot conclude that Kaver-Gomes and Acosta (the "Individual Defendants") are fraudulently joined. Target has failed to meet its burden to establish that it is "impossible" for Plaintiff to state a claim for, at a minimum, intentional infliction of emotional distress against the Individual Defendants. See Goodman v. Wal-Mart Stores, Inc., No. CV 15-6505 MWF (VBKx), 2015 WL 7295375, at *6 (C.D. Cal. Nov. 18, 2015) ("[A] supervisor is not fraudulently joined simply because her conduct constitutes management personnel decisions. Courts make clear that as long as the plaintiff can possibly allege facts supporting her IIED claim, removal based on the 'sham defendant' theory is improper."); see also Ontiveros v. Michaels Stores, Inc., No. CV 12-9437 MMM (FMOx), 2013 WL 815975, at *7-9 (C.D. Cal. Mar. 5, 2013). Even if the operative pleading does not currently allege sufficient facts to state a viable intentional infliction of emotional distress claim, a conclusion this Court does not reach, Target has not established that Plaintiff would not be afforded leave to amend his Complaint to state a viable claim against the Individual Defendants. Target has therefore failed to meet its burden to establish that the Individual Defendants are fraudulently joined, and the Court will not ignore their citizenship for purposes of evaluating whether diversity jurisdiction exists. Because the Court cannot ignore the citizenship of the Individual Defendants, the Court

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-515 PA (SHKx) | Date | March 15, 2018 |
|---|---|---|---|
| Title | Juan Estrada v. Target Corp. | | |

concludes that Target has not satisfied its burden to establish that the existence of diversity jurisdiction over this action.

    For all of the foregoing reasons, Target has failed to meet its burden to demonstrate the Court's diversity jurisdiction. Accordingly, the Court remands this action to San Bernardino Superior Court, Case No. CIVDS1717919. See 28 U.S.C. § 1447(c).

    IT IS SO ORDERED.